By the Court.
 

 This proceeding in error is brought to procure a reversal of an order of the Public Utilities Commission of Ohio, wherein the commission dismissed for want of jurisdiction an application of the Wheeling & Lake Brie Railway Company for authority to abandon its present Ontario street passenger station in the city of Cleveland, and a portion of its railroad tracks extending northerly from Eagle avenue, a distance of 1,035 feet, to the northerly terminus of its road in said city.
 

 The Wheeling
 
 &
 
 Lake Erie Railway Company entered into an agreement with the Cleveland Union Terminals Company for passenger station facilities and service in the Union Depot, now under construction, for a term of 25 years, renewable, as therein provided, for an aggregate period of 100 years. The Union Depot, which is in procees of construction, is adjacent to the Ontario street station of the Wheeling & Lake Erie, being immediately north thereof. The portion of the Wheeling & Lake Erie tracks proposed to be abandoned has heretofore been used for the sole purpose of reaching its passenger station. Pending the completion of the Union Depot, and the furnishing of terminal facilities and service therein, such facilities and service
 
 *436
 
 are to be provided in the Superior avenue station of the Erie Eailroad Company, immediately to the northwest of the Union Depot location, agreement having been made with the Erie and the Cleveland, Cincinnati, Chicago & St. Louis (Big Pour) Eailroad Companies for the temporary use of a portion of their tracks to reach said station.
 

 Upon the dismissal of said application by the commission on the ground of want of jurisdiction, the Pittsburgh & West Virginia Eailroad Company filed with the commission an application for a rehearing, alleging that it is a connecting carrier and stockholder of the Wheeling & Lake Erie. Its application is based upon the claim that the proposed action of the Wheeling & Lake Erie is unreasonable, having due regard for the public welfare and the cost to the Wheeling & Lake Erie Company of operating its Ontario street station, as compared to the cost of entering the Union Depot terminals; that the proposed action is unlawful and unreasonable, in that the directors of the Wheeling & Lake Erie Company had no authority to authorize the same; that the proposed action was a part and parcel of a- conspiracy to destroy the Wheeling & Lake Erie Company, and the competition existing between that company and the New York Central Eailroad Company, the Baltimore
 
 &
 
 Ohio Eailroad Company, and the New York, Chicago & St. Louis Eailway Company, which three latter companies had control of the Wheeling & Lake Erie Company, through stock purchases contrary to law. The application for the rehearing was denied, and thereupon error was prosecuted to this court.
 

 We are of the opinion that the Public Utilities
 
 *437
 
 Commission was correct in its conclusion that, in view of the fact that the applicant does not propose to discontinue operation into a downtown passenger station in Cleveland, or withdraw or impair its service to the public in that respect, but, on the contrary, proposes to secure and furnish to the public passenger station facilities and service, Sections 504-2 and 504-3, General Code, have no application to the situation thus presented. The very evident purpose of these statutory provisions was to secure and safeguard the interests of the public, and prevent the abandonment or withdrawal of a service, thereby depriving the public of facilities and service theretofore enjoyed, and to which it was entitled.
 

 It is clear that the proposed change in no wise involves the abandonment of facilities or service, or the withdrawal of any service or convenience heretofore provided, but that it, on the contrary, contemplates additional service and improved passenger station facilities in the immediate vicinity. Certainly no one would argue that an application need be made to the Public Utilities Commission for permission to erect a new passenger station, or that it was contemplated to confer on the Public Utilities Commission any such jurisdiction by statute. The plan proposed is no more an abandonment of passenger station facilities, than would be the substitution of a new passenger station by the Wheeling & Lake Erie upon the very location now occupied by its passenger station. In either event, the change constitutes a substitution of new and presumably improved facilities and service.
 

 The basis of the complaint of the stockholder, as shown in its application for rehearing, is that the
 
 *438
 
 Wheeling & Lake Erie has entered into an improvident contract for the facilities and service of the Union Depot.
 

 Obviously the Public Utilities Commission of Ohio is not authorized to pass upon that question, or,upon the other issues sought to be presented to the commission by the application for a rehearing.- These administrative matters, relating to abandonment of facilities or the extension thereof, are within the exclusive jurisdiction of the Interstate Commerce Commission.
 
 Colorado
 
 v.
 
 United States,
 
 271 U. S., 153, 46 S. Ct., 452, 70 L. Ed., 878;
 
 Alabama & Vicksburg Ry. Co.
 
 v.
 
 Jackson & Eastern Ry. Co.,
 
 271 U. S., 244, 46 S. Ct., 535, 70 L. Ed., 928.
 

 The record discloses that an application of the same purport and effect as that filed with the state commission was previously filed with the Interstate Commerce Commission and is now pending.
 

 Order affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.