Weygandt, C. J.
The basis of this controversy is the fact that the authorized toll rates of the Ohio Bell Telephone Company are higher than those of the appellant General Telephone Company, and the latter company has undertaken to charge its customers the higher rates without first obtaining the commission’s approval therefor;
The appellant company contends that it has not abandoned its own toll facilities or service but has merely improved its service, and that the commission is without jurisdiction where there is substitution and improvement but no abandonment.
Section 4909.18, Revised Code, reads in part:
“Any public utility desiring to establish any rate, joint rate, toll, classification, charge, or rental, or to modify, amend, change, increase, or reduce any existing rate, joint rate, toll, classification, charge, or rental, or any regulation or practice affecting the same, shall file a written application with the Public Utilities Commission.”
The appellant quotes and relies on the fourth paragraph *282 of the syllabus in the case of State v. Western Union Telegraph Co., 154 Ohio St., 511, reading as follows:
‘ ‘ 4. Where a substitution of service by a public utility will result in improving the service rendered, such substitution will not amount to an abandonment of service within the meaning of Sections 504-2 and 504-3, General Code [Sections 4905.20 and 4905.21, Revised Code], even though it will involve abandonment of old facilities which are replaced. (Pittsburgh & West Virginia Ry. Co v. Public Utilities Commission, 120 Ohio St., 434, approved and followed.) ”
One important difficulty confronting this appellant is the fact that neither of the above-cited cases involved an increase in the charges for services, as here.'
In the Railway Company case, supra, an old passenger station was superceded by a modern terminal building on a nearby site. The railroad made no increase in its rates or charges for its services to the public.
The same was true in the Telegraph Company case, supra, where there was an installation of more modern electrical equipment by the company.
Here the appellant concedes that it increased its charges to its customers, but it insists that this did not bring it within the jurisdiction of the commission for the reason that the increased charges were due simply to the already established higher rates of the Bell Telephone Company. The appellant insists further that it has not abandoned its own equipment which has not been dismantled or abandoned although it is no longer in use.
It is interesting to note that in its application the appellant employs the language that “your applicant simultaneously converted this exchange from manual to dial operation, and incident thereto all manual operating functions were abandoned at said exchange.” (Italics supplied.)
In its order the commission said in part that ‘ ‘ the application of the General Telephone Company of Ohio for authority to abandon its intraeompany toll facilities coincident with the conversion of its Tiltonville exchange to dial operation should be, and the same hereby is, granted.” (Italics supplied.)
However, a study of cognate Sections 4909.17 and 4909.18, supra, discloses that abandonment is not conclusive in deter *283 mining the question of jurisdiction of the commission. In each section appears the inescapable prohibition that no “charge, or rental, no change in any * * * charge, or rental, and no regulation or practice affecting any * * * charge * * * shall become effective until the Public Utilities Commission, by order, determines it to be just and reasonable.”
Hence, the appellant’s increase in its charges to its customers brought it within the purview of these statutes and subjected it to the jurisdiction of the commission.
The order of the commission is affirmed.

Order affirmed.

Zimmerman, Taet, Doyle and O’Neill, JJ., concur.
Matthias and Bell, JJ., dissent.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.